Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Feltos Cruz, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Simon Property Group, L.P., | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Felttos Cruz ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Simon Property Group, L.P. ("Defendant") for unlawfully discriminating against Plaintiff because of her disability at the Folsom Premium Outlets with the commonly known address 13000 Folsom Boulevard in Folsom, California ("Folsom Premium Outlets").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes

## PARTIES

3. Plaintiff is a natural person and an adult resident of Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Simon Property Group, L.P. is a foreign limited partnership with its principal

office in Indian, which has and does business in the State of California.

5. Defendant owned, operated, and/or otherwise were responsible for, and/or currently own, operate, and/or are otherwise responsible for, the real property, including the shops thereon, with the commonly known address 13000 Folsom Boulevard in Folsom, California ("13000 Folsom Boulevard") and/or the Folsom Premium Outlets located there.

## JURISDICTION

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Folsom Premium Outlets is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities. Specifically, Plaintiff's toes on her left foot have been recently amputated and two toes from her right foot have been recently amputated. Plaintiff requires a wheelchair to facilitate her mobility. Plaintiff's symptoms limit, some substantially, her major life activities.

10. On or about August 7, 2022, Plaintiff arrived at 13000 Folsom Boulevard in Folsom, California to visit the Folsom Premium Outlets located there.

11. Plaintiff went to Folsom Premium Outlets because Plaintiff wanted to avail herself of the goods offered at Folsom Premium Outlets. Plaintiff went to go shopping with her family.

12. During her shopping excursion, Plaintiff needed to use the restroom.

13. Plaintiff located a purportedly accessible restroom on the east side of the outlets.

14. While in the purportedly accessible restroom stall, Plaintiff grabbed one of the grab bars near the toilet.

15. The grab bar pulled completely out of the wall, causing Plaintiff to fall back and injure

herself in the restroom. Upon examination of the grab bar, Plaintiff realized that the grab bar was barely secured to the wall using very small screws. In Plaintiff's opinion, these screws were much too small to support a person using the grab bars to support him or herself.

16. Plaintiff called for help. Plaintiff's family and needed help to pick Plaintiff off the gross public restroom floor and into her wheelchair.

17. Plaintiff was humiliated and embarrassed by the experience.

18. Plaintiff sought and received medical care for the injuries sustained in the fall.

19. Plaintiff is hesitant and apprehensive to return to the Folsom Premium Outlets because of her knowledge and experience at the Folsom Premium Outlets as described above.

20. Plaintiff wants to return to the Folsom Premium Outlets when Defendants fix the accessible restroom. Plaintiff would like to enjoy the goods at the Folsom Premium Outlets in the future without dealing with accessibility issues there.

21. Plaintiff has suffered and continues to suffer violations of her civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

22. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

23. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and/or accommodations of 13000 Folsom Boulevard and the Folsom Premium Outlets.

<u>Failure to Design and Construct an Accessible Property</u>

24. Plaintiff believes and alleges that the improvements at 13000 Folsom Boulevard and Folsom Premium Outlets designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

25. Defendant violated the ADA by failing to design and construct the facilities at 13000

Folsom Boulevard and Folsom Premium Outlets in a manner that was accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

26. Plaintiff believes and alleges that the 13000 Folsom Boulevard was modified after January 26, 1993, independently triggering access requirements under the ADA.

27. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

28. Plaintiff believes and alleges that Defendant altered the 13000 Folsom Boulevard in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Maintain Accessible Features</u>

29. Defendant violated the ADA by failing to maintain in operable and working condition those features of the 13000 Folsom Boulevard and Folsom Premium Outlets that are required to be readily accessible to and be usable by persons with disabilities.

30. Defendant's failure in maintaining the 13000 Folsom Boulevard and Folsom Premium Outlets in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

31. The configuration and condition of Defendant's 13000 Folsom Boulevard and Folsom Premium Outlets denied Plaintiff full and equal access to a public accommodation due to Plaintiff's disability.

32. It is readily achievable for Defendant to remove the architectural barriers identified above.

33. Defendant does not have any legitimate business justification to excuse the condition and configuration of the 13000 Folsom Boulevard and Folsom Premium Outlets.

34. Defendant's violations are the cause of suffering for Plaintiff.

35. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and

other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

36. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

37. As described above, Defendant intentionally discriminated against Plaintiff during her visit to the 13000 Folsom Boulevard and Folsom Premium Outlets.

38. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

39. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

40. Plaintiff was harmed.

41. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

42. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

43. Plaintiff also seeks to enjoin Defendant's from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, 54 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: September 8, 2022                                  Law Office of Rick Morin, PC

_____
Richard Morin
Bryce Fick
Attorneys for Plaintiff